UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA BARRILLEAUX,<br><br>   Plaintiff,<br><br>  v.<br><br>MENDOCINO COUNTY, et al.,<br><br>   Defendants. | Case No. 14-cv-01373-TEH<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND ORDER REQUIRING DECLARATIONS RE: GENERAL ORDER 56** |

  This matter comes before the Court on Plaintiff Jessica Barrilleaux's motion to strike affirmative defenses from the answer filed by Defendants Superior Court of California, Mendocino County; and Judicial Council of California, Administrative Office of the Courts. The Court finds this matter suitable for resolution without oral argument and hereby VACATES the October 6, 2014 motion hearing.

  Plaintiff's motion appears to have some merit, as "every judge in this district to have taken up the issue has concluded that [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] apply to the pleading of affirmative defenses," *Hernandez v. Dutch Goose, Inc.*, Case No. C13-3537 LB, 2013 WL 5781476, at *4 n.2 (N.D. Cal. Oct. 25, 2013) (citing cases from nineteen different judges, including this Court), and the challenged affirmative defenses do not appear to meet the relevant standard. However, the Court finds it premature to rule on Plaintiff's motion given the stage of these proceedings and the applicability of Northern District of California General Order 56 to this case. As another judge in this district recently explained:

> Requiring Defendants to re-plead their affirmative defenses now will not further the resolution of Plaintiff's claims, nor does it impede Plaintiff's ability to prosecute [her] case. Northern District of California General Order 56 sets in place expedited deadlines and procedures for the resolution of Americans with Disabilities Act access litigation. Paragraph 2

> of General Order 56 pertains to the parties' Rule 26 initial disclosures: should a defendant intend to dispute liability, he/she is required to provide all information in his/her control relating to that defense by a particular date. Requiring Defendants to re-plead their affirmative defenses at this juncture will [serve] only to embroil the parties and this Court in needless motion practice, which General Order 56 was designed to avoid.

*Rodgers v. Claim Jumper Rest., LLC*, Case No. 13-CV-5496 YGR, 2014 WL 1760959, at *2 (N.D. Cal. May 1, 2014). This Court fully agrees. Plaintiff's motion is therefore DENIED without prejudice to re-filing if the parties are unable to settle this case on their own or through mediation.

In addition, although Plaintiff refers to General Order 56 in her motion papers, it is unclear whether the parties have fully complied with the order's requirements and the related scheduling deadlines set forth in the March 26, 2014 scheduling order ("Scheduling Order"). Under the Scheduling Order, the parties were to have completed a joint site inspection no later than July 8, 2014, with initial disclosures due seven days prior, and have met and conferred in person to discuss settlement within 28 business days thereafter. Plaintiff was required to file a notice of need for mediation within 42 days of the joint site inspection, or August 19, 2014, if the parties were unable to resolve the matter. No such filing has been received, and it is possible that the parties have failed to comply with *any* of the provisions of General Order 56 and the Scheduling Order.

Accordingly, the parties are ordered to file, on or before **September 29, 2014,** declarations affirming that they have read and understood the provisions of General Order 56 and the Scheduling Order, and discussing whether they have complied with any of those provisions. If they have not complied with all provisions, then the parties shall, by the same date, submit a stipulation and proposed order – or separate statements to the Court if agreement cannot be reached – with new dates to comply with each missed

//
//
//
//

deadline contained in the Scheduling Order.  The Court opts not to impose any sanctions at this time but may do so for any future violations.

**IT IS SO ORDERED.**

Dated:   09/17/14                                             _____
                                                              THELTON E. HENDERSON
                                                              United States District Judge