UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA BARRILLEAUX,<br><br>Plaintiff,<br><br>v.<br><br>MENDOCINO COUNTY, et al.,<br><br>Defendants. | Case No. 14-cv-01373-TEH<br><br>**ORDER GRANTING MOTIONS TO STRIKE** |

This matter comes before the Court on Plaintiff Jessica Barrilleaux's motions to strike affirmative defenses from the answers filed by Defendant County of Mendocino ("County") and Defendants Superior Court of California, County of Mendocino and Judicial Council of California, Administrative Office of the Courts ("Judicial Defendants"). The Court finds these motions suitable for resolution without oral argument, *see* Civ. L.R. 7-1(b), and now GRANTS the motions for the reasons discussed below.

**BACKGROUND**

Barrilleaux filed her complaint – over two years ago, on March 25, 2014 – alleging inadequate access for persons with mobility impairments at the Mendocino County Courthouse. The County answered, and Barrilleaux did not move to strike affirmative defenses from that answer. Judicial Defendants filed a motion to dismiss, which the Court granted in part and denied in part. Judicial Defendants subsequently answered, and Barrilleaux moved to strike affirmative defenses. Finding it premature to address that motion on the merits while settlement efforts were ongoing under General Order 56, the Court denied the motion without prejudice.

Pursuant to General Order 56, the parties – albeit outside the deadlines in the General Order – attempted to settle the case following a joint site inspection. They were

1  unable to do so, and the Court referred this case to mediation on October 24, 2014. The
2  case remained in mediation for over one year, until November 2, 2015, when the mediator
3  informed the Court that mediation was complete and the case did not settle. The Court
4  thereafter scheduled and held two case management conferences. At both conferences, the
5  parties expressed a desire to attempt settlement after additional discovery had been taken.
6  　　　By stipulation of the parties, Barrilleaux filed her first amended complaint on
7  January 15, 2016. The County and Judicial Defendants filed separate answers, and
8  Barrilleaux moved to strike all affirmative defenses from both answers.

**LEGAL STANDARD**

　　　Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Relying on *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957), the Ninth Circuit has held that, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1274 at 323). The Ninth Circuit has not ruled on whether "fair notice" now requires a defendant to allege "enough facts to state a claim to relief that is plausible on its face," the standard established by the Supreme Court for complaints. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, as this Court noted in its September 17, 2014 order denying Barrilleaux's initial motion to strike, "every judge in this district to have taken up the issue has concluded that *Iqbal* and *Twombly* apply to the pleading of affirmative defenses." *Hernandez v. Dutch Goose, Inc.*, Case No. C13-3537 LB, 2013 WL 5781476, at *4 n.2 (N.D. Cal. Oct. 25, 2013) (citing cases from nineteen different judges, including this Court).

　　　Since the date of that order, the Ninth Circuit has observed that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'"

2

*Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed.1998)).  Courts in the Eastern District of California have applied *Kohler* to conclude that the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses.  *E.g., Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc.*, Case No. 1:15-cv-01137 MJS HC, 2016 WL 615335, at *3 (E.D. Cal. Feb. 16, 2016).  The only court in the Northern District to have addressed *Kohler* found that "Defendants' citation to the *Kohler* decision is unpersuasive, as the Ninth Circuit did not specifically hold in that case that the *Twombly*/*Iqbal* standard does not apply to the pleading of affirmative defenses."  *Perez v. Wells Fargo & Co.*, Case No. 14-cv-0989-PJH, 2015 WL 5567746, at *3 (N.D. Cal. Sept. 21, 2015).

       This Court need not decide whether the *Twombly/Iqbal* plausibility standard continues to apply after *Kohler* because, as discussed below, Defendants' affirmative defenses are insufficient even under a more general "fair notice" standard.  At a minimum, "fair notice" requires some pleading of facts:  "Neither mere reference to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense absent some fact or argument explaining the defense."  *Stevens v. Corelogic, Inc.*, Case No. 14-cv-1158-BAS-JLB, 2015 WL 7272222, at *4 (S.D. Cal. Nov. 17, 2015); *see also Leos v. Rasey*, Case No. 1:14-cv-02029 LJO JLT (PC), 2016 WL 1162658, at *1 (E.D. Cal. Mar. 24, 2016) ("Though [fair notice is] not a demanding standard, it does *still* require a party to plead some factual basis for its allegations.").  The Ninth Circuit's decision in *Wyshak* is not to the contrary; in that case, the court found that an affirmative defense that "plaintiff's claims are barred by the applicable statute of limitations" was supported by an attached memorandum making specific reference to the statute of limitations on which the defendant relied.  *Wyshak*, at 607 F.2d at 827.  The Ninth Circuit concluded that "under these circumstances the statute of limitations was adequately pleaded," *id.*, implying that without the memorandum, the defense would not have given fair notice.

**DISCUSSION**

**I.     Motion to Strike County's Affirmative Defenses**

The Court first considers Barrilleaux's motion to strike the County's affirmative defenses. In opposition, the County agreed to remove the third, ninth, fifteenth, and twentieth affirmative defenses, and these defenses are therefore stricken with prejudice.

The only other affirmative defense specifically mentioned by the County is its first affirmative defense for failure to state a claim. The Court acknowledges a split in authority as to whether this is a permissible affirmative defense but sides with those courts that have found it not to be an affirmative defense. "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010); *see also EEOC v. Interstate Hotels, LLC*, Case No. C04-04092 WHA, 2005 WL 885604, at *2 (N.D. Cal. Apr. 14, 2005) (characterizing a defense of "failure to plead a claim" as "meaningless" and "surplusage"). This defense is therefore stricken with prejudice.

As to the remaining affirmative defenses, the County argues broadly that defenses "found to be misclassified as affirmative defenses" need not be stricken and "may instead be deemed denials or objections," and that leave to amend should be granted "[i]f the Court finds that the County's affirmative defenses to [sic] not give Plaintiff fair notice." Opp'n at 2-3. However, the County does not argue that any of its affirmative defenses are pleaded sufficiently to give Barrilleaux fair notice, or that any of them need not be stricken because they can be deemed a denial or objection, and the Court will not scour the pleadings and make arguments that the County chose not to make. Accordingly, all of the defenses not listed above are stricken without prejudice.

**II.    Motion to Strike Judicial Defendants' Affirmative Defenses**

The Court next turns to the motion to strike Judicial Defendants' affirmative defenses. Judicial Defendants agreed in their opposition to remove the thirteenth,

4

nineteenth, and twentieth affirmative defenses, and these defenses are therefore stricken with prejudice.

Barrilleaux contends that several of Judicial Defendants' affirmative defenses should be stricken because they are not proper affirmative defenses. As discussed above, the Court agrees as to the first affirmative defense for failure to state a claim, which is stricken with prejudice.

The Court also strikes the ninth affirmative defense, that Barrilleaux failed to request any accommodation. Judicial Defendants do not dispute that this is not an affirmative defense, but they assert that it should not be stricken because it is "an affirmative denial directly related to the failure to mitigate and unclean hands." Opp'n at 12. However, Judicial Defendants have asserted unclean hands and failure to mitigate damages as separate affirmative defenses, and the Court therefore strikes the ninth affirmative defense as redundant. This is with prejudice to the extent that Judicial Defendants may not assert failure to request accommodation as a separate affirmative defense; however, they may incorporate their theory into other affirmative defenses as appropriate.

Barrilleaux also contends that Judicial Defendants' eighteenth affirmative defense, concerning recovery of attorneys' fees, is "[n]ot an affirmative defense, but an issue only after liability [is] established." Mot. at 10. The two cases cited by Judicial Defendants in opposition concern affirmative defenses regarding potential relief, but only as to punitive damages; neither addresses recovery of fees. *See Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 516 (9th Cir. 2000); *Smith v. Wal-Mart Stores*, Case No. C06-2069 SBA, 2006 WL 2711468, at *6 (N.D. Cal. Sept. 20, 2006). Because "[t]he award of attorney's fees does not act to preclude a defendant's liability even if a plaintiff proves all of the required elements of the cause of action," it is not a proper affirmative defense. *Barnes*, 718 F. Supp. 2d at 1174. Accordingly, the Court strikes the eighteenth affirmative defense with prejudice. Defendants may raise these arguments if attorneys' fees later become an issue, but it is inappropriate to do so as an affirmative defense.

5

1	Barrilleaux's two remaining arguments about inappropriate affirmative defenses are
2	not persuasive.  First, Barrilleaux argues that only intentional torts remain against Judicial
3	Defendants and that failure to mitigate – Judicial Defendants' eleventh affirmative defense
4	– is not a defense to intentional torts.  However, she cites no authority for that proposition,
5	and at least one court has recognized failure to mitigate as a proper affirmative defense in a
6	disability access case like this one.  *Rapp v. Lawrence Welk Resort*, Case No. 12-CV-
7	01247 BEN (WMc), 2013 WL 358268, at *7 (S.D. Cal. Jan. 28, 2013).  Likewise,
8	Barrilleaux cites no authority for her assertion that mootness – Judicial Defendants'
9	fourteenth affirmative defense – is not an affirmative defense, and other courts have
10	allowed such a defense to proceed.  *E.g., Fed. Trade Comm'n v. N. Am. Mktg. & Assocs.,*
11	*LLC*, Case No. CV-12-0914-PHX-DGC, 2012 WL 5034967, at *2 (D. Ariz. Oct. 18, 2012)
12	(denying motion to strike an affirmative defense that claims are moot because "the
13	challenged practices no longer occur"); *Barnes*, 718 F. Supp. 2d at 1172-73 (allowing
14	leave to amend an affirmative defense of mootness).  Accordingly, the Court will not strike
15	these defenses as improper affirmative defenses.

16	However, as with all other affirmative defenses not mentioned above, the failure to
17	mitigate and mootness defenses fail to allege any facts to put Barrilleaux on fair notice of
18	the basis for the defenses, even without applying the *Twombly*/*Iqbal* plausibility standard.
19	As but one example, Judicial Defendants' tenth affirmative defense reads – in its entirety –
20	as follows: "The Complaint, and each purported cause of action alleged in the Complaint,
21	is barred in whole or in part by laches, estoppel, res judicata, and/or unclean hands."  Jud.
22	Defs.' Ans. to 1st Am. Compl. ¶ 70.  This does nothing more than reference legal
23	doctrines, which is insufficient to provide fair notice.  *Qarbon.com Inc. v. eHelp Corp.*,
24	315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).  For example, "simply stating that a claim
25	fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff what behavior
26	has allegedly given them 'unclean hands.'"  *CTF Dev. Inc. v. Penta Hospitality, LLC*, Case
27	No. C09-2429 WHA, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009).  From the motion
28	papers, it appears that Barrilleaux is on notice of the factual basis for some of the asserted

6

1 defenses given the posture of this case, in which the parties have engaged in some
2 discovery before resolving the pleadings; however, that does not render the pleadings
3 themselves sufficient. These defenses are therefore stricken with leave to amend.

Barrilleaux's remaining arguments go to the merits of the defenses and not to whether Judicial Defendants have properly pleaded them. For instance, Barrilleaux argues that the sixth affirmative defense, concerning undue financial or administrative burden, must be stricken because Judicial Defendants cannot meet the requirements for claiming an undue burden under 28 C.F.R. § 35.150(a)(3).[1] Likewise, she asserts that her claims are not moot. These and other arguments go to whether Judicial Defendants can prevail on their defenses, not whether the defenses have been properly pleaded, and the Court will not address such arguments on a motion to strike.

Finally, the Court notes Judicial Defendants' arguments that some of the affirmative defenses cannot be pleaded with more specificity because they are contingent on discovery yet to be received from Barrilleaux. Such potential defenses need not be alleged at this time. "[I]f [defendants] lack the ability to set forth facts to support an affirmative defense now but later obtain such facts during the course of discovery or otherwise, they can seek leave to amend their answer under Rule 15." *Hernandez*, 2013 WL 5781476, at *6.

**CONCLUSION**

For the above reasons, Barrilleaux's motion to strike affirmative defenses from the County's answer is GRANTED. The motion is with prejudice as to the first, third, ninth, fifteenth, and twentieth affirmative defenses, and without prejudice as to the remaining defenses.

Barrilleaux's motion to strike affirmative defenses from the Judicial Defendants' answer is also GRANTED. The motion is with prejudice as to the first, ninth, thirteenth,

---

[1] The parties mistakenly refer to this regulation as 35 C.F.R. § 35.150(a)(3).

eighteenth, nineteenth, and twentieth affirmative defenses, and without prejudice as to the remaining defenses.

The Court encourages the parties to keep costs down by avoiding unnecessary litigation on the pleadings, especially given the parties' expressed desire to attempt further settlement discussions. Accordingly, the parties shall meet and confer to discuss an appropriate time line for this case, and they shall attempt to reach agreement on a deadline for Defendants to file amended answers and for Barrilleaux to file motions to strike if appropriate. They shall file a stipulation and proposed order on or before **April 18, 2016**, if they can reach agreement. Absent agreement, Defendants' amended answers shall be filed no later than **May 9, 2016,** and the deadline to file any motions to strike will be governed by Federal Rule of Civil Procedure 12(f)(2).

**IT IS SO ORDERED.**

Dated: 04/04/16

_____
THELTON E. HENDERSON
United States District Judge