UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA BARRILLEAUX,<br><br>Plaintiff,<br><br>v.<br><br>MENDOCINO COUNTY, et al.,<br><br>Defendants. | Case No. 14-cv-01373-TEH<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff Jessica Barrilleaux alleges inadequate access for persons with mobility impairments at the Mendocino County Courthouse in Ukiah, California. Nearly two and a half years after filing her complaint, she now seeks preliminary injunctive relief. After carefully reviewing the parties' written arguments, the Court finds the matter suitable for resolution without oral argument, *see* Civil L.R. 7-1(b), and now DENIES Barrilleaux's motion for a preliminary injunction for the reasons discussed below.

**LEGAL STANDARD**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). While a plaintiff must "make a showing on all four prongs," the elements "are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1135 (9th Cir. 2011). Thus, for example, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

Barrilleaux seeks a mandatory injunction that, rather than preserving the status quo, would require Defendants to take affirmative action.[1]  Requests for such injunctions are "subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party."  *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).  "In general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'"  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (quoting *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir.1980)).

**DISCUSSION**

As discussed below, Barrilleaux has failed to meet the heightened standard for granting a mandatory injunction.  First, the facts and the law do not "clearly favor" her.  *Dahl*, 7 F.3d at 1399.  Although it is not disputed that the courtrooms on the fourth floor of the Ukiah courthouse are not accessible to individuals with mobility impairments, Title II of the Americans with Disabilities Act ("ADA") requires that public entities "operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities."  28 C.F.R. § 35.150(a).  Defendant County of Mendocino has presented evidence that four courtrooms in the Ukiah courthouse are "accessible by elevator."  Shaver Decl. ¶ 14 (ECF No. 116-1).  Judicial Defendants have also presented evidence that the court "regularly grants requests

---

[1] Barrilleaux failed to respond to the argument raised by Defendants Superior Court of California, County of Mendocino and Judicial Council of California, Administrative Office of the Courts ("Judicial Defendants") that her motion is infirm because it does not describe with sufficient specificity the injunctive relief sought.  *See* Fed. R. Civ. P. 65(d)(1) (requiring an order granting injunctive relief to "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required").  Nor did Barrilleaux submit a proposed order with her motion, as required by Civil Local Rule 7−2(c).  However, Barrilleaux's papers make clear that she seeks some form of mandatory injunction requiring Defendants to provide access to the courtroom on the fourth floor of the Ukiah courthouse in which Department G matters are heard.

2

1    to accommodate individuals with disabilities, including but not limited to relocating
2    Superior Court hearings at the Courthouse in courtrooms on floors that are not accessible
3    by elevator to courtrooms on floors that are accessible by elevators.  This includes requests
4    by parties, attorneys, witnesses, jurors, family members, and observers." Johnson Decl.
5    ¶ 5 (ECF No. 115-5).  The court's Assistant Court Operations Manager and Co-ADA
6    Coordinator "conservatively estimate[s] that, since January 1, 2012, on average, the
7    Superior Court has received a request to relocate a hearing from a courtroom on a floor
8    without elevator access to a floor with elevator access at least once a month.  These
9    requests are routinely granted, and I am unaware of any such request in that time period
10   which was denied." *Id.* ¶ 6.  Barrilleaux speculates that these courtrooms, "though on a
11   'floor' served by an elevator," might not "be fully and *equally* accessible," ECF No. 117
12   at 5, but such speculation is insufficient to support granting a mandatory injunction.  In the
13   absence of any contrary evidence, this Court does not find the alternative courtrooms
14   identified by Defendants to be inaccessible.
15        Barrilleaux contends that each and every courtroom within a courthouse must be
16   accessible, but the case law she cites does not stand for that proposition.[2]  First, the
17   accessibility of the courtroom itself was not an issue in *Shotz v. Cates*, 256 F.3d 1077,
18   1080 (11th Cir. 2001), in which the plaintiffs "allege[d] that the wheelchair ramps and
19   bathrooms at the courthouse impede[d] their ability to attend trials."  In *Tennessee v. Lane*,
20   the plaintiff was "compelled to appear to answer a set of criminal charges on the second
21   floor of a county courthouse that had no elevator" and, when he refused to crawl or be
22   carried up the stairs on his second appearance, "was arrested and jailed for failure to
23   appear." 541 U.S. 509, 513-14 (2004).  No accessible courtroom appears to have been
24   available, or at least one was never offered as an alternative.  Likewise, in *Layton v. Elder*,

---

[2] Barrilleaux also argued in her motion that providing access on request was impermissible under *Huezo v. Los Angeles Community College District*, 672 F. Supp. 2d 1045 (C.D. Cal. 2008).  Judicial Defendants distinguished that case in their opposition, ECF No. 115 at 13-16, and Barrilleaux appears to agree that *Huezo* is factually distinguishable since she failed to mention the case, or the related argument, in her reply.

1   143 F.3d 469, 471 (8th Cir. 1998), "the presiding judge conducted court in the first floor
2   hallway to accommodate appellant," and in *Matthews v. Jefferson*, 29 F. Supp. 2d 525, 530
3   (W.D. Ark. 1998), "there [was] really no place on the first floor," the only wheelchair-
4   accessible floor, "to hold court."  In this case, by contrast, the Ukiah courthouse has the
5   ability to move proceedings to accessible courtrooms and has, in fact, done so.  This
6   precisely follows the guidance provided by the Department of Justice's Technical
7   Assistance Manual ("TAM") interpreting the ADA:

> D, a defendant in a civil suit, has a respiratory condition that prevents her from climbing steps.  Civil suits are routinely heard in a courtroom on the second floor of the courthouse.  The courthouse has no elevator or other means of access to the second floor.  *The public entity must relocate the proceedings to an accessible ground floor courtroom* or take alternative steps, including moving the proceedings to another building, in order to allow D to participate in the civil suit.

TAM § II-5.1000, Illustration 2, https://www.ada.gov/taman2.html (emphasis added).  This guidance "is entitled to controlling weight unless it is plainly erroneous or inconsistent with the regulation," *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014), which Barrilleaux has not argued.  In light of all of the above, this Court cannot conclude that "the facts and law clearly favor" Barrilleaux.  *Dahl*, 7 F.3d at 1403.

Moreover, Barrilleaux has not demonstrated that she will suffer "extreme or very serious damage" in the absence of a mandatory injunction.  *Marlyn Nutraceuticals*, 571 F.3d at 879.  She contends that she *might* be a litigant in further proceedings at the courthouse *if* her case in San Francisco County Superior Court is transferred to Mendocino County, Barrilleaux Decl. ¶ 16 (ECF No. 102), and that she "intend[s] to return to Department G as a member of the public to observe proceedings," *id.* ¶ 17.  However, the County argued, without any rebuttal from Barrilleaux, that these speculative, vague assertions of future harm are insufficient because "[s]uch 'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury" required to establish standing to sue for injunctive relief.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992).

4

In addition, as discussed above, it is far from clear that Barrilleaux would even suffer any injury were she to return to the Ukiah courthouse, which the record suggests would accommodate her physical disability by moving to an accessible courtroom any proceedings in which she was a participant or which she wished to observe.

Barrilleaux's assertion of irreparable injury is also undermined by the fact that she did not request preliminary injunctive relief until more than two years after filing her complaint. Although she correctly observes that, in compliance with General Order 56, the parties initially engaged in settlement discussions, that process ended on November 2, 2015. Barrilleaux did not file this motion until eight months later. Had she believed any harm to be irreparable, the Court would have expected a more promptly filed motion.

Finally, the Court notes that Barrilleaux makes a new request for injunctive relief in her reply papers: that Defendants be ordered to make the so-called "accessible" restroom on the fifth floor of the courthouse fully accessible. This Court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). However, Barrilleaux correctly observes that Judicial Defendants' own expert has identified multiple non-compliant issues with the fifth-floor restroom. Ex. C to Blackseth Decl. at 18-22 (ECF No. 115-3). While the Court will not grant relief based on an issue raised only on reply, it again encourages the parties to keep costs down by avoiding unnecessary litigation and attempting to reach a settlement in good faith.

**CONCLUSION**

For all of the above reasons, Barrilleaux's motion for a preliminary injunction is DENIED.

**IT IS SO ORDERED.**

Dated: 08/15/16           _____
                          THELTON E. HENDERSON
                          United States District Judge

5