UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA BARRILLEAUX,<br><br>    Plaintiff,<br><br>    v.<br><br>MENDOCINO COUNTY, et al.,<br><br>    Defendants. | Case No. 14-cv-01373-TEH<br><br>**ORDER DENYING COUNTY OF MENDOCINO'S ADMINISTRATIVE MOTION TO POSTPONE DEPOSITION** |

On December 22, 2016, Defendant County of Mendocino filed both a motion for summary judgment and an administrative motion to postpone a noticed deposition pending the Court's ruling on its summary judgment motion.

An administrative motion is proper when "during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, *not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge*." Civil L.R. 7-11 (emphasis added). In this case, the County's motion on its face requests relief under Federal Rule of Civil Procedure 26(c)(1)(B), and its motion is therefore improper under Rule 7-11. Accordingly, the administrative motion is DENIED, without prejudice to the County's following proper procedures to bring this issue before Magistrate Judge Vadas, to whom all discovery disputes have been referred.

The County indicated that it would withdraw its summary judgment motion if its administrative motion were denied. However, counsel also indicated her unavailability through January 9, which is after the current deadline for Plaintiff to oppose the summary judgment motion. To allow time for the County to withdraw its motion, the briefing schedule is therefore STAYED. If the County opts not to withdraw its motion, then the parties shall meet and confer and file a stipulation and proposed order with a revised briefing schedule on or before **January 17, 2017**.

1    Finally, the Court is displeased at the timing of the County's motions.  First, there
2 appears to have been no reason for the County to have filed the summary judgment motion
3 and the administrative motion simultaneously, given that the County explicitly made the
4 filing of its summary judgment motion contingent on the granting of its administrative
5 motion.  Second, the County's counsel stated in her declaration that:

> I am concerned about the timing of the foregoing Administrative Motion and motion for summary judgment, as I do not want to compromise either the Court's or counsel's holiday or vacation plans.  In fact, I will not be available during the period December 29, 2016 through January 9, 2017, as I will be out of the country on vacation during that time.  Accordingly, the County has no objection to any reasonable request to extend the times or dates associated with these motions.

11 Dec. 22, 2016 Keck Decl. ¶ 11.  Yet she did not file the County's motions until
12 approximately 6:30 PM on Thursday, December 22.  That made the opposition to the
13 administrative motion due on December 27 (because December 26 was a Court holiday),
14 and the opposition to the summary judgment motion due on January 5.  Plaintiffs' counsel
15 therefore would have had to work during the holiday period either on the opposition briefs
16 or, at minimum, on attempting to obtain a stipulation to extend the briefing deadlines.
17 Thus, by filing her motions when she did, counsel necessarily "compromise[d] . . .
18 counsel's holiday or vacation plans."  *Id.*  The Court expects all counsel to be more
19 cooperative regarding scheduling in the future.

21 **IT IS SO ORDERED.**

23 Dated:  01/04/17                                             _____
24                                                              THELTON E. HENDERSON
                                                                United States District Judge

2